MARTIN J. MCCUE, (# 018849)
PATRICK F. KEERY, (# 030971)

**KEERY MCCUE, PLLC**
6803 EAST MAIN STREET, SUITE 1116
SCOTTSDALE, AZ 85251
TEL. (480) 478-0709
FAX (480) 478-0787
MJM@KEERYMCCUE.COM
PFK@KEERYMCCUE.COM
*PROPOSED ATTORNEYS FOR DEBTOR*

**UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| In re<br><br>**FLO-TECH, INC.**<br><br>Debtor. | Case No. 2:19-bk-00460-BKM<br><br>Chapter 11<br><br>**EMERGENCY MOTION FOR AUTHORIZATION TO USE CASH COLLATERAL** |

Flo-Tech, Inc. ("**Debtor**" or "**Flo-Tech**"), as Debtor and Debtor-in-Possession in the above-entitled Chapter 11 proceeding, by and through undersigned counsel, requests this Court to enter an order pursuant to Bankruptcy Code Section 363 and Rules 4001 and 9014 of the Federal Rules of Bankruptcy Procedure authorizing the use of cash collateral on an interim and final basis. A proposed preliminary budget is attached hereto as Exhibit "A" (the "**Budget**"). This Motion is supported by the entire record before the Court, the *Declaration of Thomas Tedford in Support of Chapter 11 Petition and First Day Accelerated Motions* (the "**Tedford Declaration**"), and the attached Memorandum of Points and Authorities, which is incorporated herein by this reference.

**DATED** this 16th day of January, 2019.

**KEERY MCCUE, PLLC**


By: /s/ *Patrick F. Keery* (#030971)
Patrick F. Keery, Esq.
*Proposed Attorneys for Debtor*

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. JURISDICTION AND VENUE

1. Flo-Tech, an Arizona Corporation, filed a voluntary petition under Chapter 11 of the Bankruptcy Code on January 15, 2019 ("**Petition Date**").

2. Thomas Tedford ("**Mr. Tedford**") is the president, director and majority shareholder of the Debtor.

3. Mr. Tedford is operating Debtor and managing Debtor's assets as debtor-in-possession in accordance with 11 U.S.C. §§ 1107 and 1108. This Court has jurisdiction over this Chapter 11 proceeding under 28 U.S.C. §§ 157 and 1334. These matters constitute core proceedings under 28 U.S.C. § 157(b)(2)(A) and (M).

4. Debtor is an Arizona corporation with its principal place of business located in Phoenix, Maricopa County, Arizona. Accordingly, venue of the Debtor's Chapter 11 proceeding is proper in this District under 28 U.S.C. §§ 1408 and 1409.

5. The statutory predicates for the relief requested in this Motion are Bankruptcy Code §§ 105(a), 363(a)(4) and 507(a)(5).

## II. FACTUAL BACKGROUND

6. Flo-Tech is owned and operated by Mr. Tedford. Mr. Tedford owns 100% of the outstanding shares in Debtor.

7. Flo-Tech is in the business of providing concrete floor repair, restoration and refinishing services.

8. Flo-Tech was formed on or about December 22, 1994. Flo-Tech has nine (9) full-time employees (including Mr. Tedford) and no part-time employees.

9. Mr. Tedford intends to continue to operate Flo-Tech and to reorganize under Chapter 11 of the Bankruptcy Code.

10. The projected post-petition income and expenses of Debtor are identified in the budget (the "**Budget**") attached hereto and incorporated herein as **Exhibit "A."**

11. Tango Capital aka Snap Advances, LLC and Capital Active Funding-Phoenix, Inc. ("**Secured Creditors**") may claim a security interest in inventory, chattel paper, accounts, equipment and general intangibles of Flo-Tech's cash collateral pursuant to security agreement and filed UCC-1. The Debtor has not had sufficient time to determine the validity, priority, enforceability, and/or the extent of the claimed liens. In addition, no formal creditors committee has yet to be formed. Accordingly, the Debtor does not take a position regarding those issues as part of this emergency motion, the Debtor assumes all claimed liens are valid and enforceable, but expresses no position as to the priority of such liens. The Secured Creditor has the burden of proof to establish validity of their purported "interests" in cash collateral under §363(p)(2).

12. Debtor proposes to use revenue from Flo-Tech to pay operating expenses in accordance with its Budget based upon actual operations.

13. It is crucial for the Debtor to have the use of the cash collateral to continue to provide goods and services to its customers and to pay employees and pay other ordinary and necessary operating expenses to avoid (a) disruption of their work force, (b) maintain customer relations and loyalty, (c) maintain their market presence, and (d) preserve the going concern value of the Debtor and its estate while the Debtor formulates and implements a plan of reorganization.

14. As and for adequate protection for the limited use of cash collateral as set forth in the Budget, the Debtor offers post-petition replacement liens to the Secured Creditor on its inventory, accounts, and contract rights in accordance with 11 U.S.C. §§361(2) and 552(b); (a) to the extent of cash collateral actually expended; (b) on the same assets and in the same order of priority as currently exists between the Debtor and the Secured Creditor; and (c) with the Debtor's full reservation of rights with respect to the issues set forth above.

15. The Debtor believes that their business operations and reorganization efforts will suffer immediate and irreparable harm if they are not allowed to use cash collateral.

## III. POINTS AND AUTHORITIES

11 U.S.C. §363(c)(2) of the Bankruptcy Code permits the use of cash collateral only upon consent of the party claiming an interest in cash collateral or with court authority after a notice and a hearing. Section 363(e) conditions the use of cash collateral on the Debtor providing adequate protection of the interest at stake.

Section 361 of the Bankruptcy Code provides that where adequate protection is required to be furnished, it must protect a secure entity against any use of collateral that results in a decrease in the value of such entity's interest in such collateral. *See United Savs. Ass'n Timbers of In-wood Forest Ass'n Ltd.* 44 U.S. 365, 369-73, 108 S. Ct. 626 (1988) (the "interest in property" entitled to protection is "the value of the collateral" that secures such claim); *In re Kain*, 96 B.R. 506, 513 (Bankr. W.D. Mich. 1988); *General Elec. Mortgage Corp. v. South Village Inc.* (In re South Village), 25 B.R. 987, 989-90 & n.4 (Bankr. D. Utah 1982).

The Secured Creditors will be adequately protected as follows:

A. <u>By the Debtor's continuation and preservation of the on-going concern value of the business</u>. *See e.g., In re Erie Hilton Joint Venture*, 125 B.R. 140, 149 (Bankr. W.D. Pa. 1991) ("Preservation of the going-concern value of the business can constitute a benefit to the secured creditor."); *In re Princeton Square Assocs.*, 201 B.R. 90-96 (Bankr. S.D.N.Y. 1996) ("[T]his court concludes that no monetary protection is required to be provided by the debtor in possession to the secured creditor to the extent that the rents are applied for the maintenance of the property in the manner a receiver would apply the rents.").

B. <u>By the equity cushion in the value of the business</u>. *See in re Mellor*, 734 F.2d 1396, 1400 (9th Cir. 1984); *In re Patrician St. Joseph Ltd. Partnership*, 169 B.R. 669, 676 (D. Ariz. 1994) (*citing Mellor* and recognizing, "[a] classic method of finding adequate protection is the existence of an equity cushion [and that] an equity cushion standing alone can provide evidence of adequate protection for a secured claim").

C. <u>By the replacement lien in Debtor's assets</u>. *See In re Waste Conversion Technologies, Inc.*, 205 B.R. 1004 (D. Conn. 1997); *In the Matter of Pursuit Athletic Footwear, Inc.*, 193 B.R. 713 (Bankr. Del. 1996); *In re International Design & Display Group, Inc.*, 154 B.R. 362 (Bankr. S.D. Fla. 1993).

The Secured Creditor is protected by the Debtor's proposed use of cash to maintain the operation of their business. In *McCombs*, supra, the Court held that:

> Even if there was no equity cushion, I am not convinced that gross rents will diminish over the foreseeable future and this is the risk requiring protection… debtor has committed to use the cash collateral to pay operating expenses and improve and maintain the property with any excess income going to First Texas. By dedicating cash collateral for these purposes, Debtor has substantially eliminated the risk of diminution of First Texas' interest in cash collateral. The more likely scenario is that cash collateral will increase.

The Debtor's proposed use of the income to maintain the business by paying for maintenance, repairs, insurance, taxes and the like protects the Secured Creditor's interests and reduces the possibility that the business will decrease in value.

Finally, the Debtor is in the best position to operate the business. By allowing the Debtor to use cash collateral to continue and increase the business, the Secured Creditor will have a greater assurance of recovering their claims. Moreover, immediate interim approval of the use of cash collateral under Bankruptcy Rule 4001(a) is appropriate. *See In re Center Wholesale Inc.*, 759 F.2d. 1440, 1449 fn, 21 (9th Cir. 1985).

In conclusion, because the Debtor will be using cash collateral in the operation of the business, and because the Debtor will be in the best position to increase usage thereby producing income to continue to service debt to the Secured Creditor, the use of cash collateral should be granted in favor of the Debtor.

**WHEREFORE**, Debtor respectfully requests:

1. Entry of an order authorizing its use of cash collateral in accordance with the Budget attached hereto as Exhibit "A" based upon actual operations for the

interim period, subject to a continuance upon request of the Debtor at or before the hearing on this matter; and entry of an order authorizing use of cash collateral in accordance with the Budget attached hereto as Exhibit "A". (A proposed form of Order is attached hereto as **Exhibit "B"**.)

2. Granting such other relief as the Court deems just and proper.

**DATED** this 16th day of January, 2019.

**KEERY MCCUE, PLLC**

By: /s/ *Patrick F. Keery* SBA 030971
Patrick F. Keery, Esq.
*Proposed Attorneys for Debtor*

**COPY** of the foregoing mailed or served
via electronic notification, email* or fax**
or if so marked,
this 16th day of January, 2019 to:

Office of U.S. Trustee*
230 North First Ave., Suite 204
Phoenix, AZ 85003-1706
Email: ustpregion14.px.ecf@usdoj.gov

Tango Capital aka Snap Advances, LLC
136 E. South Temple, Suite 2420
Salt Lake City, UT 84111

Tango Capital aka Snap Advances, LLC*
1182 West 2400 South, Suite A
West Valley City, Utah 84119
info@snapadvances.com

Capital Active Funding-Phoenix, Inc.
6044 Gateway East, Suite 54
El Paso, TX 79905

Capital Active Funding – Phoenix, Inc.*
8260 East Raintree Drive
Scottsdale, AA 85260
fmbtcb@cafiusa.com

By: */s/ Mollie Thompson*

-7-
EMERGENCY MOTION FOR AUTHORIZATION TO USE CASH COLLATERAL